# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CELIA S. V.,[1] <br><br> Plaintiff, <br><br> v. <br><br> ANDREW SAUL, Commissioner of Social Security,[2] <br><br> Defendant. | Case No. 8:18-cv-01064-AFM <br><br> **MEMORANDUM OPINION AND ORDER REVERSING AND REMANDING DECISION OF THE COMMISSIONER** |

Plaintiff seeks review of the Commissioner's final decision denying her application for disability insurance benefits. In accordance with the Court's case management order, the parties have filed briefs addressing the merits of the disputed issues. This matter is now ready for decision.

---

[1] Plaintiff's name has been partially redacted in accordance with Federal Rule of Civil Procedure 5.2(c)(2)(B) and the recommendation of the Committee on Court Administration and Case Management of the Judicial Conference of the United States.

[2] Andrew Saul is now the Commissioner of the Social Security Administration. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Andrew Saul is substituted for Acting Commissioner Nancy A. Berryhill as the defendant in this suit.

# BACKGROUND

Plaintiff's claim for disability insurance benefits was denied initially and on reconsideration. A hearing took place before an Administrative Law Judge ("ALJ") at which Plaintiff (represented by counsel) and a vocational expert ("VE") testified. The ALJ issued a decision on June 20, 2017, finding that Plaintiff suffered from the following severe impairments: bilateral carpal tunnel syndrome, status post releases; right pronator teres syndrome; right lateral epicondylitis; biceps tenosynovitis on the right; status post left knee arthroscopy; bilateral knee chondromalacia patella; anxiety; mood disorder; and stiffness in neck and back. (AR 37.) The ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to perform the following: "occasionally lift and/or carry 50 pounds; frequently lift and/or carry 25 pounds; stand and/or walk for 6 hours in an 8-hour workday; sit for 6 hours in an 8-hour workday; frequently climb stairs, stoop, kneel, crouch, and crawl; occasionally climb ladders, ropes, and scaffolds; frequently perform fine and gross manipulation bilaterally; limited to simple tasks of a reasoning level of 3 or less; and no fast paced work such as rapid assembly line." (AR 38-39.) Relying on the testimony of the VE based on the RFC, the ALJ concluded that Plaintiff was unable to perform her past relevant work, but there were other jobs that existed in significant numbers in the national economy that Plaintiff could have performed, such as automatic machine attendant and laundry worker. (AR 41-42.) Accordingly, the ALJ determined that Plaintiff was not disabled at any time from August 8, 2008 (the alleged onset date) through December 31, 2009 (the date last insured). (AR 42.) The Appeals Council denied review, thereby rendering the ALJ's decision the final decision of the Commissioner.

# DISPUTED ISSUES

1. Did the ALJ err in not addressing the opinion of Dr. Bleecker?
2. Should the ALJ have called a medical expert to testify at the hearing?
3. Did the ALJ adequately address Plaintiff's subjective symptom allegations?

|   | 4. Did the ALJ err in failing to consider the opinion of chiropractor H. Black? |
|---|---|

**STANDARD OF REVIEW**

Under 42 U.S.C. § 405(g), the Court reviews the Commissioner's decision to determine whether the Commissioner's findings are supported by substantial evidence and whether the proper legal standards were applied. *See Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1098 (9th Cir. 2014). Substantial evidence means "more than a mere scintilla" but less than a preponderance. *See Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035 (9th Cir. 2007). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson*, 402 U.S. at 401. Where evidence is susceptible of more than one rational interpretation, the Commissioner's decision must be upheld. *See Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007); *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1196 (9th Cir. 2004) ("When evidence reasonably supports either confirming or reversing the ALJ's decision, [the court] may not substitute [its] judgment for that of the ALJ.").

**DISCUSSION**

Plaintiff contends that the ALJ erred because her decision does not mention the opinion of H. Harlan Bleecker, M.D., an orthopedist who issued a consultative examination report on June 9, 2016. (AR 812-828.) Dr. Bleecker reported that based on various orthopedic conditions, Plaintiff could lift and carry 20 pounds frequently and 20 pounds occasionally; stand and walk for 15 to 20 minutes at a time with a cane; out of eight hours, sit for six hours and stand and walk for two hours with a cane; not walk without a case; and occasionally reach, handle and finger. (AR 816.) On its signature page, Dr. Bleecker's report states, "The limitations above are assumed to be your opinion regarding current limitations only." (AR 825.) Dr. Bleecker did not indicate that the limitations applied in the past. (*Id.*)

The opinions of treating and examining doctors are critical evidence, and ALJs are required to provide specific and legitimate reasons for rejecting them. *See Lester*

*v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996); *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989). While the Commissioner argues that the ALJ's decision did not need to address Dr. Bleecker's opinion because it was prepared more than six years after the date late insured, this argument is not persuasive. Based on the present record, it is impossible to know why the ALJ failed to mention Dr. Bleecker and his opinion. It is quite possible that this medical opinion was merely overlooked by the ALJ. Moreover, even if the ALJ had actually considered the Bleecker report and decided not to discuss it simply because it came after the date last insured, that would be contrary to Ninth Circuit law: "We think it is clear that reports containing observations made after the period for disability are relevant to assess the claimant's disability. . . . It is obvious that medical reports are inevitably rendered retrospectively and should not be disregarded solely on that basis." *Smith v. Bowen*, 849 F.2d 1222, 1225 (9th Cir. 1988). The Ninth Circuit in *Smith* went to state, "medical evaluations made after expiration of a claimant's insured status are relevant to an evaluation of the pre-expiration condition," and the Court of Appeals cited with approval decisions where courts in other circuits found that medical reports from years after the expiration of insured status were relevant. *Id.* at 1225-26. Similarly, courts in this District have held that doctors' opinions from years after the date last insured are relevant, and the failure of ALJs to address those opinions is reversible error. *See, e.g., Galeck v. Berryhill*, 2018 WL 4961651, at *6 (C.D. Cal. Oct. 12, 2018) (collecting cases). Thus, the ALJ's failure to discuss Dr. Bleecker's report was error.

The Commissioner's brief also challenges Plaintiff on the legal issue whether the failure to consider a medical opinion can be harmless error (ECF No. 21 at 3), but it does not explain why the ALJ's error here should be deemed harmless – other than to repeat the argument that the Bleecker report is not probative because it was rendered years after date last insured. As discussed above, the Commissioner's theory of *per se* non-relevance has been rejected by the Ninth Circuit. In addition, here, the

Bleecker report addresses certain conditions that are the same as, or correlate to, several impairments found by the ALJ: For example, both the ALJ and Dr. Bleecker address Plaintiff's carpal tunnel syndrome, as well Plaintiff's neck and back conditions. Because portions of Dr. Bleecker's opinions appear to relate to conditions that existed before Plaintiff's date last insured and because the failure to address Dr. Bleecker's opinions may well impact the RFC and the VE's testimony, this error cannot be found harmless on the present record. *See Galeck*, 2018 WL 4961651, at *6-7; *Vaile v. Berryhill*, 2017 WL 2785331, at *3 (C.D. Cal. June 27, 2017) (error in not considering later evidence was reversible where the new evidence related to conditions that predated the date last insured); *Devery v. Colvin*, 2016 WL 3452487, at *5 (C.D. Cal. June 22, 2016) (not possible to find harmless error in not including limitations in RFC because VE did not testify that person with those limitations could work).[3]

**REMEDY**

"When the ALJ denies benefits and the court finds error, the court ordinarily must remand to the agency for further proceedings before directing an award of benefits." *Leon v. Berryhill*, 880 F.3d 1041, 1045 (9th Cir. 2018). Indeed, Ninth Circuit case law "precludes a district court from remanding a case for an award of benefits unless certain prerequisites are met." *Dominguez v. Colvin*, 808 F.3d 403, 407 (9th Cir. 2016) (citations omitted). "The district court must first determine that the ALJ made a legal error, such as failing to provide legally sufficient reasons for rejecting evidence. . . . If the court finds such an error, it must next review the record as a whole and determine whether it is fully developed, is free from conflicts and ambiguities, and all essential factual issues have been resolved." *Dominguez*, 808

---

[3] Having found that remand is warranted based on the first issue, the Court declines to address Plaintiff's remaining issues. *See Hiler v. Astrue*, 687 F.3d 1208, 1212 (9th Cir. 2012) ("Because we remand the case to the ALJ for the reasons stated, we decline to reach [plaintiff's] alternative ground for remand."); *see also Augustine ex rel. Ramirez v. Astrue*, 536 F. Supp. 2d 1147, 1153 n.7 (C.D. Cal. 2008).

F.3d at 407 (citation and internal quotation marks omitted).

Although the Court has found reversible error as discussed above, the record is not fully developed, and factual issues remain outstanding – including those relating to Dr. Bleecker's opinion. Such issues concerning Plaintiff's alleged disability "should be resolved through further proceedings on an open record before a proper disability determination can be made by the ALJ in the first instance." *See Brown-Hunter v. Colvin*, 806 F.3d 487, 496 (9th Cir. 2015); *see also Treichler*, 775 F.3d at 1101 (remand for award of benefits is inappropriate where "there is conflicting evidence, and not all essential factual issues have been resolved") (citation omitted); *Strauss v. Comm'r of Soc. Sec. Admin.*, 635 F.3d 1135, 1138 (9th Cir. 2011) (same where the record does not clearly demonstrate the claimant is disabled within the meaning of the Social Security Act). Accordingly, the appropriate remedy is a remand for further administrative proceedings.[4]

***********

IT IS THEREFORE ORDERED that Judgment be entered reversing the decision of the Commissioner of Social Security and remanding this matter for further administrative proceedings consistent with this opinion.

DATED: 6/28/2019

_____
ALEXANDER F. MacKINNON
UNITED STATES MAGISTRATE JUDGE

---

[4] It is not the Court's intent to limit the scope of the remand.